**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MONICA K. SHERESHOVECH,** individually, and on behalf of all persons similarly situated, | |
| Plaintiffs, | Case No.   21-cv-4818 |
| v. | |
| **TRESSLER LLP**, a limited liability partnership, and | |
| **ASSOCIATIONREADY, LLC** d/b/a "ReadyCOLLECT," | |
| Defendants. | |

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT
<u>COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION</u>**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant AssociationReady, LLC—with consent of all other Defendants—hereby removes to this Court the state-court action described below ("Removed Case").

**THE REMOVED CASE**

1.      The Removed Case is a civil action pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, which Plaintiff Monica K. Shereshovech initiated by filing a complaint on August 4, 2021 (Case No. 2021CH03824).

**PAPERS FROM THE REMOVED CASE**

2.      As required by 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders served upon AssociationReady in the Removed case. *See* <u>**Exhibit A**</u>.

1

**REMOVAL IS TIMELY**

3.      On August 16, 2021, Association Ready acknowledged and agreed to waive service. *See* **Exhibit B**.

4.      This Notice of Removal is filed within 30 days of the service date and is therefore timely under 28 U.S.C. § 1446(b).

**VENUE**

5.      Removal to the United States District Court for the Northern District of Illinois is appropriate pursuant to 28 U.S.C. § 1441(a) because the Northern District of Illinois is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

**THIS COURT HAS JURISDICTION**

6.      The Removed Case is a civil action within the Court's original jurisdiction under 28 U.S.C. § 1331, which states, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.       The Removed Case is thus within the Court's original jurisdiction and properly removed to this Court because the Removed Case brings claims under the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1962 *et seq*.

9. Further, the Removed Case falls within the Court's jurisdiction for the reasons explained in *Keller et al v. Northstar Location Services LLC,* wherein Judge Coleman denied a motion to remand FDCPA claims brought under 15 U.S.C. §§ 1962c(b). *See* **Exhibit C**. As in *Keller et al v. Northstar Location Services LLC*, Plaintiff in the Removed Case relies on 15 U.S.C. §§ 1962c(b) and similar allegations of harm.

10. If any question arises as to the propriety of the removal of this action, AssociationReady requests the opportunity to brief any disputed issues and to present oral argument to show why removal is appropriate.

## FILING OF REMOVAL PAPERS

11. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, AssociationReady  is serving this Notice of Removal on Shereshovech's counsel of record and filing a copy of the Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Chancery Division. *See* **Exhibit D**.

WHEREFORE, AssociationReady hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, and requests that further proceedings be conducted in this Court as provided by law.

3

Dated: September 10, 2021                                    AssociationReady, LLC

                                                            By: _____

                                                            Attorneys for
                                                            AssociationReady, LLC

Martin R. Martos II
321 N. Clark St. | Suite 1600
Chicago, IL 60654
Tel:  312.517.9200
Fax: 312.517.9201
MMartos@FoxRothschild.com


John C. Hawk (*pro hac vice application forthcoming*)
1225 17th St.
Suite 2200
Denver, CO 80202
Tel: 303.383.7691
Fax: 303.292.1300.
JHawk@foxrothschild.com

## CERTIFICATE OF SERVICE

Martin Martos, an attorney, hereby certifies on September 10, 2021, he caused a copy of

the foregoing **Notice of Removal** to be served via email and U.S. mail on the following:

Arthur Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com
Attorney No. 47671

Brian Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
(847) 3688-1500
bwanca@andersonwanca.com
Attorney No. 57010

Rusty A. Payton
PAYTON LEGAL GROUP, LLC
20 North Clark Street Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal
Attorney No. 39459

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE
LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
(847) 985-1100
jdavidson@fightbills.com
Attorney No. 65455

*Counsel for Plaintiff and the Putative Class
Members*

Michael Bruck
1 East Wacker Drive, Suite 2350
Chicago, IL 60601
Tel: 312.258.9400
Fax: 312.258.9444
mcb@spellmirebruck.com

*Counsel for Defendant Tressler LLP*

# EXHIBIT A

Hearing Date: 12/3/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
    Cook County, IL

FILED DATE: 8/4/2021 4:47 PM  2021CH03824

FILED
8/4/2021 4:47 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03824

14313793

**Chancery Division Civil Cover Sheet**
**General Chancery Section**

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Monica K. Shereshovech

                    Plaintiff

**2021CH03824**

v.

Case No: _____

Tressler LLP and AssociationReady, LLC

                    Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ Mandamus | |
| 0001 | ☑ Class Action | | 0018 | ☐ Ne Exeat | |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ Partition | |
| 0004 | ☐ Injunction | | 0020 | ☐ Quiet Title | |
| | | | 0021 | ☐ Quo Warranto | |
| 0007 | ☐ General Chancery | | 0022 | ☐ Redemption Rights | |
| 0010 | ☐ Accounting | | 0023 | ☐ Reformation of a Contract | |
| 0011 | ☐ Arbitration | | 0024 | ☐ Rescission of a Contract | |
| 0012 | ☐ Certiorari | | 0025 | ☐ Specific Performance | |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ Trust Construction | |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ Internet Take Down Action (Compromising Images) | |
| 0015 | ☐ Equitable Lien | | | | |
| 0016 | ☐ Interpleader | | | ☐ Other (specify) _____ | |

⦿ Atty. No.: 47671    ◯ Pro Se 99500

Atty Name: Arthur C. Czaja

Atty. for: Plaintiff

Address: 7521 N. Milwaukee Ave.

City: Niles    State: IL

Zip: 60714

Telephone: 847-647-2106

Primary Email: arthur@czajalawoffices.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: 12/3/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
　　Cook County, IL

FILED
8/4/2021 4:47 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03824

14313793

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**　　　　　　　　　　**(03/15/21) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Monica K. Shereshovech

　　　　　　　　　　　　　Plaintiff(s)

v.

Tressler LLP,  and AssociationReady, LLC,
d/b/a "ReadyCOLLECT"

Case No. **2021CH03824**

　　　　　　　　　　　　　Defendant(s)

Tressler, LLP, a/k/a Tressler Corporate Services, Inc.
c/o Mark T. Banovetz, Registered Agent, 550 E.
Boughton Rd., #250, Bolingbrook, IL 60440

　　　　　　　　　Address of Defendant(s)

Please serve as follows (check one):　○ Certified Mail　● Sheriff Service　○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:  Your appearance date is NOT a court date.**  It is the deadline for filing your appearance/answer.  To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp.  After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 47671
○ Pro Se 99500

Name: Arthur C. Czaja

Atty. for (if applicable):

Plaintiff

Address: 7521 N. Milwaukee Ave.

City: Niles

State: IL   Zip: 60714

Telephone: 847-647-2106

Primary Email: arthur@czajalawoffices.com

8/4/2021 4:47 PM IRIS Y. MARTINEZ
Witness date _____

_____
Iris Y. Martinez, Clerk of the Court

□ Service by Certified Mail: _____

□ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info: (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info: (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info: (847) 818-3000

### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info: (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info: (708) 974-6500

### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info: (708) 232-4551

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: 12/3/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
    Cook County, IL

FILED DATE: 8/5/2021 10:45 AM 2021CH03824

FILED
8/5/2021 10:45 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03824

14320374

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

**MONIKA K. SHERESHOVECH**,
individually, and on behalf of all others
similarly situated,

    Plaintiff,

v.

**TRESSLER LLP** and
**ASSOCIATIONREADY, LLC**

    Defendants.

Case No. 2021-CH-03824

Calendar 7

## <u>NOTICE OF FILING</u>

To:    Tressler LLP, a/k/a Tressler Corporate Services, Inc., c/o Mark T. Banovetz, Registered
        Agent, 550 W. Boughton Rd., #250, Bolingbrook, IL 60440

        AssociationReady, LLC, c/o Jordan Forman, Registered Agent, 999 Peachtree Street NE,
        Atlanta, GA 30309

        **PLEASE TAKE NOTICE** that on <u>**August 5, 2021**</u>, the Plaintiff, Monika K,
Shereshovech, by and through her attorneys, Arthur C. Czaja, Anderson + Wanca, Payton Legal
Group, and Joseph S. Davidson, electronically filed and served the Clerk of the Circuit Court of
Cook County, Illinois the ***PLAINTIFF'S MOTION TO CLASS CERIFICATION***, a copy of
which is attached hereto and hereby served upon you.

*/s/ Arthur Czaja*
Arthur Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com
Attorney No. 47671

Brian Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
(847) 3688-1500
bwanca@andersonwanca.com

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

Attorney No. 57010

Rusty A. Payton
Payton Legal Group, LLC
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal
Attorney No. 39459

Joseph S. Davidson
Law Offices of Joseph P. Doyle LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
(847) 985-1100
jdavidson@fightbills.com
Attorney No: 65455

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, certifies that on **<u>August 5, 2021</u>** he caused a true and correct copy of this Notice and the enclosed ***PLAINTIFF'S MOTION TO CLASS CERIFICATION*** to be served upon the party(ies) listed above, by attaching a copy of this Notice and enclosed ***PLAINTIFF'S MOTION TO CLASS CERIFICATION*** by postage prepaid first-class mail to the parties identified above at the mailing addresses identified hereinabove from 7521 N. Milwaukee Ave., Niles, IL 60714.

*/s/ Arthur Czaja*
Arthur Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com
Attorney No. 47671

**Page 2 of 2**

FILED
8/5/2021 10:45 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03824

14320374

FILED DATE: 8/5/2021 10:45 AM    2021CH03824

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

**MONIKA K. SHERESHOVECH**, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

**TRESSLER LLP** and
**ASSOCIATIONREADY, LLC**

    Defendants.

Case No. 2021-CH-03824

Calendar 7

## **MOTION FOR CLASS CERTIFICATION**

Plaintiff, MONIKA K. SHERESHOVECH, individually, and on behalf of all others similarly situated, through undersigned counsel, pursuant to 735 ILCS 5/2-801 *et seq*., moving the Court order Count I of this action, alleging violation of Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), to proceed on class basis against Defendants, TRESSLER LLP, and ASSOCIATIONREADY, LLC (collectively, the "Defendants"), as follows:

> **§ 1692c(b) Class**: *All natural persons residing in the State of Illinois (a) whose personal information was communicated by Tressler LLP to AssociationREADY, LLC; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt.*

> **§ 1692c(b) Class**: *All natural persons residing in the State of Illinois (a) whose personal information was communicated by AssociationREADY, LLC to OSG f/k/a SouthData; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt.*

The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents,

1

FILED DATE: 8/5/2021 10:45 AM  2021CH03824

successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

In support thereof, Plaintiff states as follows:

### **FACTUAL ALLEGATIONS**

1.     MONIKA K. SHERESHOVECH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 668 Weidner Road, Unit 2C, Buffalo Grove, Illinois 60089.

2.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.     TRESSLER LLP ("Tressler") is a limited liability partnership organized and existing under the laws of the state of Illinois.

4.     Tressler represents hundreds of associations throughout the Chicago Metropolitan area.  They have extensive experience servicing the needs of associations in a wide variety of contexts including: ***collection of delinquent assessments***, counseling property managers and board of directors/managers regarding Illinois law and governing documents, review and negotiation of contracts, financing and loan documentation, property licenses, declaration and bylaw amendments, rule enforcement, violations and challenges, construction disputes, discrimination claims, legal updates and opinions.[1] (emphasis added).

5.     Tressler regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

---

[1]    https://www.tresslerllp.com/practice-areas/practice-areas-details/practice-details/other-practice-areas/condominium-common-interest-community-association-law (last accessed August 4, 2021).

2

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

6.      Accordingly, Tressler is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7.      ASSOCIATIONREADY, LLC ("AssociationREADY") is a limited liability company organized and existing under the laws of the state of Georgia.

8.      AssociationREADY is a web services company facilitating the consolidation and distribution of information for managed communities across the United States.

9.      ReadyCOLLECT by AssociationREADY is a secure, web-based application that automates many of the repetitive tasks that are part of association collections.[2]

10.     RC2, powered by ReadyCOLLECT, brings the attorney, association manager, and community board member together by revolutionizing the process of collecting delinquent community association assessments, and covenant violations.

11.     AssociationREADY regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.     Accordingly, AssociationREADY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13.     Tressler utilizes ReadyCOLLECT.[3]

---

[2]     **The ReadyCOLLECT Solution.**

Consolidate, organize & streamline your collections and covenant violation processes.  Our use of technology and streamlining efficiencies are crucial to stay ahead of competition.  AssociationREADY is eager to help get your firm to the top.  We have developed a powerful online system that is proven, reliable and easy to use and surprisingly affordable.

https://www.associationready.com/readycollect.asp (last accessed August 4, 2021).

[3]     **HOA and Condominium Collections**

**ReadyCOLLECT – Collections Online Portal**

We understand that there are many parties involved with the assessment collection process including Association Board Members, Association Management Companies, and Attorneys.  That is why *we utilize the state of the art online portal called ReadyCOLLECT to help consolidate, organize and streamline assessment collections* and fines associated with violations. ReadyCOLLECT provides 24/7 web portal access to Association Board Members and Association Management Companies to access detailed, up-to-date information regarding the status of your collection accounts.  Beyond providing information, ReadyCOLLECT provides accountability and transparency for Association Board Members and Association Management

3

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

14.     Plaintiff purchased a condominium unit in Buffalo Grove, Illinois.

15.     The condominium was subject to a Declaration made pursuant to the Illinois Condominium Property Act, Ill.Ann.Stat. ch. 30, para. 301-331, that obligated Plaintiff to pay assessments levied by Manor Homes of Chatham Condominium III Association for payment of common expenses.

16.     Plaintiff failed to pay the monthly installments levied by Manor Homes of Chatham Condominium III Association.

17.     Tressler, on behalf of Manor Homes of Chatham Condominium III Association, caused Notice and Demand for Possession, dated September 17, 2020, to be sent to Plaintiff.

18.     Rather than mailing this Notice and Demand for Possession itself, Tressler sent it to ReadyCOLLECT to be deposited in U.S. mail by SouthData.[4]

19.     Tressler communicated to AssociationREADY certain information about Plaintiff, including: (1) Plaintiff's name and address; (2) that Plaintiff owed debt; (3) the entity to whom Plaintiff owed a debt; (4) Plaintiff's exact balance; (5) that Plaintiff's debt is in default; and (6) that Plaintiff's debt is being collected by a debt collector.

20.     Likewise, AssociationREADY communicated to SouthData certain information about Plaintiff, including: (1) Plaintiff's name and address; (2) that Plaintiff owed debt; (3) the entity to whom Plaintiff owed a debt; (4) Plaintiff's exact balance; (5) that Plaintiff's debt is in default; and (6) that Plaintiff's debt is being collected by a debt collector.

---

Companies.          https://www.tresslerllp.com/practice-areas/practice-areas-details/practice-details/other-practice-areas/collections (last accessed August 4, 2021) (emphasis added).

[4]   "Over the last 25 years, [SouthData] has evolved, redefining their capabilities to expand from a revenue-focused print and mail company to a global provider of leading customer engagement and payment solutions." https://www.southdata.com/ (last accessed August 4, 2021).

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

21.     Upon information and belief, the information was commingled in database(es) of information maintained by AssociationREADY on behalf of other clients using ReadyCOLLECT.

22.     In other words, upon information and belief, AssociationREADY did not maintain separate databases for its clients.

## NATURE OF CLAIMS

23.     Section 1692c provides:

> **(b) Communication with third parties**.  Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

24.     Tressler's transmittal of Plaintiff's information to AssociationREADY constitutes a "communication" as defined by 15 U.S.C. § 1692a(2).

25.     AssociationREADY's transmittal of Plaintiff's information to SouthData constitutes a "communication" as defined by 15 U.S.C. § 1692a(2).

26.     Tressler's communication with AssociationREADY was in connection with the collection of Plaintiff's delinquent association dues

27.     Specifically, Tressler's communication with AssociationREADY included specific details regarding Plaintiff's debt: (1) Plaintiff's status as a debtor; (2) the precise amount of Plaintiff's debt; (3) the entity to which Plaintiff's debt was owed, *inter alia*, violating 15 U.S.C. §1692c(b).

5

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

28.     AssociationREADY's communication with SouthData was in connection with the collection of Plaintiff's delinquent association dues

29.     Specifically, AssociationREADY's communication with SouthData included specific details regarding Plaintiff's debt: (1) Plaintiff's status as a debtor; (2) the precise amount of Plaintiff's debt; (3) the entity to which Plaintiff's debt was owed, *inter alia*, violating 15 U.S.C. §1692c(b).

## THE FAIR DEBT COLLECTION PRACTICES ACT

30.     The FDCPA was enacted in part "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e). The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt. *Mace v. Van Ru Credit Corp*., 109 F.3d 338, 341 (7th Cir. 1997) citing *Baker v. G.C. Servs. Corp*., 677 F.2d 775, 777 (9th Cir. 1982).  The FDCPA broadly prohibits: (1) unfair or unconscionable collection methods, (2) conduct which harasses, oppresses, or abuses any debtor, and (3) any false, deceptive, or misleading statements in connection with the collection of a debt. 15 U.S.C. § 1692d-f.

31.     In enacting the FDCPA, Congress recognized the "universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule.... [The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." 95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

32.     The FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated.  *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F.Supp.2d 1035, 1042 (N.D.

Ill. 2008); *see also Sonmore v. CheckRite Recovery Services, Inc*., 187 F.Supp.2d 1128, 1132 (D. Minn. 2001) ("The FDCPA is a remedial strict liability statute which was intended to be applied in a liberal manner;" *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd*, 236 F.3d 446 (8th Cir. 2001). "Proof of deception or actual damages is not necessary to make a recovery under the FDCPA." *Id*.); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D. Minn. 2008) (same); and *Rosenau v. Unifund Corp*., 539 F.3d 218, 221 (3d Cir. 2008) ("[the FDCPA] is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'").

33.     "Congress intended the Act to be enforced primarily by consumers...." *FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). Further, the legislative history shows that Congress clearly intended that private enforcement actions would be the primary enforcement tool of the Act. *See* 123 Cong. Rec. 28112-13 (1977) (remarks of Rep. Annunzio); 1977 U.S. Code Cong. & Adm. News, *supra* at 1700.

34.     Plaintiff is seeking statutory damages, a penalty that does not depend on proof that the recipient of the letter was misled. *E.g., Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995); *Harper v. Better Business Services, Inc*., 961 F.2d 1561, 1563 (11th Cir. 1992); *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993); *Baker v. G.C. Services Corp*., 677 F.2d 775, 780-81 (9th Cir. 1982). All that is required is proof that the statute was violated, although even then it is within the court's discretion to decide whether and if so, how much to award, up to the $ 1,000 ceiling. *E.g., Tolentino, supra*, 46 F.3d at 651; *Clomon, supra*, 988 F.2d at 1322.

## REQUIREMENTS FOR CLASS CERTIFICATION

35.     Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, provides:

**Prerequisites for the maintenance of a class action.**  An action may be maintained as a class action in any court of this State and a party may sue

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

or be sued as a representative party of the class only if the court finds:

    (1)    The class is so numerous that joinder of all members is impracticable.

    (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

    (3)    The representative parties will fairly and adequately protect the interest of the class.

    (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

37.    The 1977 Illinois statute was modeled after Rule 23 of the Federal Rules of Civil Procedure, which governs class certification in the Federal courts. *See* Fed. R. Civ. P. 23.

38.    As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the class. This order may be conditional and may be amended before a decision on the merits. 735 ILCS 5/2-802. Certification of a class is within the sound discretion of the trial court. *Haywood v. Superior Bank F.S.B*., 244 Ill.App.3d 326, 328 (1st Dist. 1993).

39.    In a large and impersonal society, class actions are often the last barricade of consumer protection. Generally, individual plaintiffs cannot, will not and ought not be required to pursue what would often be trivial relief. *Hoover v. May Dep't Stores Co*., 62 Ill. App. 3d 106, 378 N.E.2d 762 (1978) cites a particularly compelling statement with regard to the philosophy to be considered in determining the basis for class certification:

    "'To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The

8

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

> alternatives to the class action -- private suits or governmental actions --
> have been so often found wanting in controlling consumer frauds that
> not even the ardent critics of class actions seriously contend that they are
> truly effective. The consumer class action, when brought by those who
> have no other avenue of legal redress, provides restitution to the injured,
> and deterrence of the wrongdoer.'"

*Hoover*, 62 Ill. App. 3d at 112, quoting Landers, *Of Legalized Blackmail & Legalized Theft:*

*Consumer Class Actions & the Substance-Procedure Dilemma*, 47 So. Cal. L. Rev. 842, 845

(1974).

40. Congress expressly recognized the propriety of a class action under the FDCPA

by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA

class action cases. As a result, numerous FDCPA class actions have been certified. *Phillips v.*

*Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807

F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. IL 1999); *Nielsen v. Dickerson*,

1999 WL 350649, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. 1999); *Sledge v. Sands*, 182 F.R.D.

255 (N.D. Ill. 1998); *Shaver v. Trauner*, 1998 WL 35333712, 1998 U.S. Dist. LEXIS 19647

(C.D. Ill. 1998*) report and recommendation adopted*, 1998 WL 35333713, 1998 U.S. Dist.

LEXIS 19648 (C.D. Ill. 1998); *Carroll v. United Compucred Collections, Inc.*, 2002 WL

31936511, 2002 U.S. Dist. LEXIS 25032 (M.D. Tenn. 2002), *report and recommendation*

*adopted in part*, 2003 WL 1903266, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn. 2003) *aff'd,* 399

F.3d 620 (6th Cir. 2005); *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007);

*Keele v. Wexler*, 1996 WL 124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. 1996), *aff'd,* 149 F.3d

589 (7th Cir. 1998); *Miller v. Wexler & Wexler*, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382

(N.D. Ill 1998); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347 (N.D. Ill. 1998); *Arango v. GC*

*Servs., LP*, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill. 1998); *Avila v. Van Ru*

*Credit Corp.*, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), *aff'd sub nom. Avila*

*v. Rubin,* 84 F.3d 222 (7th Cir. 1996); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366

9

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

(N.D. Ill. 2008); *Cotton v. Asset Acceptance,* 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D. Ill. 2008); *Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995); *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993).

41.    As shown below, each requirement of certification can be met.

### Numerosity

42.    Because the language of section 2 – 801(1) is taken verbatim from Federal Rule of Civil Procedure 23(a)(1), federal case law may be considered as exegetic in deciding whether the class is so numerous that joinder is impracticable under the Illinois statute. Ill. Ann. Stat., ch. 110, par. 2 -- 801, Historical & Practice Notes, at 90 (Smith-Hurd 1983).  Federal cases establish no bright line.  There is no "magic number" below which there cannot be a class, but above which there can. The number of class members is relevant, not determinative. *DeMarco v. Edens* 390 F.2d 836 (2d Cir. 1968).

43.    Case law further dictates that "[w]here the number of class members is at best fairly small, courts require demonstration of additional reasons why joinder is impracticable." *Wood River Area Dev. Corp. v. Germania Federal Sav. & Loan Ass'n,* 198 Ill.App.3d 445, 450 (5th Dist. 1990).  These additional factors include: (1) the class members' geographical distribution; (2) the ability to identify and locate the class members; (3) the degree of knowledge and sophistication of the class members and their need for protection; (4) the amount of the claims of the individual class members; and (5) the nature of the cause of action.  *Id*. at 451

44.    The fact that the size of the proposed class has not been exactly determined is not a fatal defect in the motion; a class action may proceed upon estimates as to the size of the proposed class. *Kendler v. Federated Department Stores, Inc*., 88 F.R.D. 688 (S.D.N.Y. 1981); *Hedges Enterprises, Inc. v. Continental Group, Inc*., 81 F.R.D. 461 (E.D. Pa. 1979); *Amswiss International Corp. v. Heublein, Inc*., 69 F.R.D. 663 (N.D. Ga. 1975).)  "The court may assume

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination… Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1995), §7.22.

45.     The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time.  Members of the Putative Class can be objectively identified from records of Defendants to be gained in discovery.  However, Plaintiff alleges, more than 40 members of the Putative Class exist; therefore, numerosity is satisfied.  *See* Miller, *An Overview of Federal Class Actions: Past, Present, and Future*, Federal Judicial Center, at 22 (1977) ("If the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule and other factors, *** become relevant.").

**Predominance of common questions of law or fact**

46.     A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.,* 230 Ill. App. 3d 628, 634, 595 N.E.2d 149, 153 (1st Dist. 1992).

47.     Here, Plaintiff alleges that the common questions are whether:

A.     Tressler violated 15 U.S.C. § 1692c(b) when they communicated consumers' information to AssociationREADY.

B.     AssociationREADY violated 15 U.S.C. § 1692c(b) when they communicated consumers' information to SouthData.

C.     Measure of damages.

11

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

48.     Where a question of law refers to a standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement of Rule 23(a)(2) is usually met.  *Franklin v. Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

49.     The only individual issue is the identification of the class members, a matter capable of ministerial determination from Defendants' records.  Questions readily answerable from defendants' files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

### Adequacy of representation

50.     The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); accord, *Wetzel v. Liberty Mutual Ins. Co*., 508 F.2d 239, 247 (3d Cir. 1975); *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321.

51.     Plaintiff understands the obligations of a class representative and has retained experienced counsel with substantial experience in consumer law.

52.     The second relevant consideration is whether the interests of Plaintiff are coincident with the general interests of the class members. Here, Plaintiff and members of the Putative Class seek money damages as the result of Defendants' unlawful collection practices, provided for by 15 U.S.C. § 1692k. Given the identity of claims between Plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism

FILED DATE: 8/5/2021 10:45 AM    2021CH03824

between the interests of Plaintiff and those of the class.

<div align="center">

**Class action is an appropriate method for the
fair and efficient adjudication of this controversy**

</div>

53.    Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545 (N.D. Ill. 1972). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill 1992); *Hurwitz v. R.B. Jones Corp*., 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc*., 503 F.2d 1161, 1165 (7th Cir. 1974).

54.    In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor.   Individual cases are not economically feasible.   The special efficacy of the consumer class action has been noted by the courts and is applicable to this case.

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied….

*In re Folding Carton Antitrust Lit.*, 75 F.R.D. 727, 732 (N.D. Ill. 1977).

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing

<div align="center">13</div>

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright *et al*., §1778, at 59; *see e.g.*, *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D. Pa 1994).

55.    Class certification will provide an efficient and appropriate resolution of the controversy.  *Zanni v. Lippold*, 119 F.R.D. 32 (C.D. Ill. 1998).

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, the Court should certify Counts I and II of this action to proceed on class basis against Defendants.

 DATED: August 4, 2021                    *Respectfully submitted,*

                                         **MONICA K. SHERESHOVECH**

                                         */s/ Arthur Czaja*
                                         Arthur Czaja
                                         LAW OFFICE OF ARTHUR CZAJA
                                         7521 N. Milwaukee Ave.
                                         Niles, Illinois 60714
                                         (847) 647-2106
                                         arthur@czajalawoffices.com
                                         Attorney No. 47671

                                         Brian Wanca
                                         ANDERSON + WANCA
                                         3701 Algonquin Road, Suite 500
                                         Rolling Meadows, IL  60008
                                         (847) 3688-1500
                                         bwanca@andersonwanca.com
                                         Attorney No. 57010

                                         Rusty A. Payton
                                         PAYTON LEGAL GROUP, LLC

14

FILED DATE: 8/5/2021 10:45 AM   2021CH03824

20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal
Attorney No. 39459

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
(847) 985-1100
jdavidson@fightbills.com
Attorney No: 65455

*Counsel for Plaintiff and the Putative Class
Members*

15

FILED
8/4/2021 4:47 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03824

14313793

FILED DATE: 8/4/2021 4:47 PM  2021CH03824

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

**MONICA K. SHERESHOVECH**,
individually, and on behalf of all persons
similarly situated,

    Plaintiffs,

v.

**TRESSLER LLP**, a limited liability
partnership, and

**ASSOCIATIONREADY, LLC**, d/b/a
"ReadyCOLLECT,"

    Defendants.

Case No. 2021CH03824

## CLASS ACTION COMPLAINT

Plaintiff, Monica K. Shereshovech, individually, and on behalf of all persons similarly situated, by her attorneys, for her complaint against Tressler LLP ("Tressler") and AssociationReady, LLC ("ARL"), states:

### NATURE OF THE ACTION

1.    Tressler, a firm which regularly collects debt for others, and ARL, a provider of debt collection services, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), when each communicated information about debt to parties other than the consumer, the consumer's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector in connection with the collection of a consumer debt allegedly owed by the Plaintiff, and those identified in the putative classes described *infra*.

1

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with attempts to collect a debt.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      Among other things, the FDCPA prohibits debt collectors from disclosing consumer debt information to third parties without the consumer's consent. 15 U.S.C. § 1692c(b).

6.      Lawyers are subject to FDCPA liability for their conduct when attempting to collect a consumer debt on behalf of another. *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131 L. ed. 2d 395 (1995).

7.      The FDCPA encourages consumers, through counsel, to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. TransUnion, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

8.      Plaintiff seeks to enforce these policies and civil rights which are expressed through the FDCPA on behalf of herself and other consumers with similar claims.

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

**JURISDICTION**

9.     Federal and state courts have concurrent jurisdiction of FDCPA actions. 15 U.S.C. § 1692k(d).

10.     This Court has personal jurisdiction pursuant to 735 ILCS 5/2-209.

11.     Venue is proper pursuant to 735 ILCS 5/2-101.

**THE PARTIES**

12.     Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Cook County, Illinois.

13.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.     Tressler is an Illinois limited liability partnership whose partners and employees are engaged in the practice of law in Illinois.

12.     Tressler regularly collects delinquent association assessments on behalf of condominium associations.

13.     Kathryn A. Foemeller is an attorney and partner of Tressler. Tressler publishes a website which can be found at this address: https://www.tresslerllp.com/.  On a sub-page of that site,  https://www.tresslerllp.com/attorneys/attorney-details/kathryn-formeller,  Kathryn   A. Formeller states that she is Co-Chair of the Condominium & Common Interest Community Association Law practice and that her practice "includes representing condominium associations and common interest community associations in a variety of areas, including rule enforcement, interpretation of governing documents, review and negotiation of contracts, and ***collection of assessments***."(Emphasis added).

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

14.     Tressler frequently sends communications and files lawsuits in Illinois in an attempt to collect delinquent condominium assessments on behalf of others.

15.     ARL is a Georgia limited liability company, which does part of its business through a portal it brands "ReadyCOLLECT."

16.     Tressler regularly uses ARL's services and the ReadyCOLLECT portal.

17.     ARL publishes a website which can be found at the following address: https://www.associationready.com/ReadyCOLLECT.asp where it touts its "better way to manage the process of collecting delinquent association dues and managing covenant violations."

18.     ReadyCOLLECT also discloses at this site that it works with law firms and others throughout the country who are engaged in the collection of debts owed to others.

19.     Tressler touts this about its own use of ARL's ReadyCOLLECT portal on a web page titled "HOA and Condominium Collections" which it publishes to the internet:

> ReadyCOLLECT - Collections Online Portal
>
> We understand that there are many parties involved with the assessment collection process including Association Board Members, Association Management Companies, and Attorneys.  That is why *we utilize the state of the art online portal called ReadyCOLLECT to help consolidate, organize & streamline assessment collections* and fines associated with violations.  ReadyCOLLECT provides 24/7 web portal access to Association Board Members and Association Management Companies to access detailed, up-to-date information regarding the status of your collections accounts.  Beyond providing information, ReadyCOLLECT provides accountability and transparency for Association Board Members and Association Management Companies.

See, https://www.tresslerllp.com/practice-areas/practice-areas-details/practice-details/other -practice-areas/collections (emphasis added).

20.     Tressler and ARL each uses postal mail, an instrumentality of interstate commerce, within Illinois and across state lines throughout the United States, for its business, the

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

principal purpose of which is the collection of debts, and/or each regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Tressler and ARL collect debts allegedly owed to multiple condominium associations, and others, in Illinois and throughout the United States.

22.     ARL has hundreds of clients which use its ReadyCOLLECT portal and for which ARL receives consumer debt information and processes collection communications on behalf of others.

23.     The FDCPA does not just apply to third-party debt collection firms; the statute's broad definition of "debt collector" encompasses servicers of consumer and mortgage loans that do not acquire ownership of the underlying debt, but acquire servicing rights after the loan is in default. See 15 U.S.C. § 1692a(6)(F); *Johnson v. Carrington Mortgage Servs.*, 638 F. App'x 523, 524–25 (7th Cir. 2016) (stating that where a servicer begins servicing the mortgage loan after a default, it is a "debt collector" under the FDCPA and dismissing plaintiff's FDCPA claim because servicer began servicing the loan while the mortgage loan was current); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536–37 (7th Cir. 2003) (holding that servicer was a "debt collector" where the debt was not actually in default, but the servicer acquired it as a debt in default and its collection activities were based on that understanding).

24.     Tressler is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

25.     ARL is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

26.     Neither ARL or SouthData is an exclusive agent or employee of Tressler; each is a third-party which provides similar services to many others.

**FACTUAL ALLEGATIONS**

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

27.     Plaintiff owns a condominium in the Manor Homes of Chatham Condominium III Association ("Association"), located at 668 Weidner Road, Buffalo Grove, Illinois, which she acquired to occupy as a personal residence.

28.     Upon paying the purchase price and accepting title to her condominium, Plaintiff became bound by the declaration of covenants, conditions, and restrictions of the Association, which required the payment of regular and special assessments imposed by the Association. *See* 765 ILCS 605/9.

29.     Plaintiff's obligation to pay assessments arose upon the purchase of her condominium, even though the timing and amount of particular assessments was yet to be determined. *Cf. In re Rosteck,* 899 F.2d 694, 696 (7th Cir. 1990) (obligation to pay condominium assessments arose upon purchase).

30.     Beginning in 2020 and continuing through June of 2021, Plaintiff was billed for monthly assessments by the Association.

31.     Because of confusion brought on by the COVID-19 pandemic and the Association's change in its management company, Plaintiff did not actually receive monthly statements of her account balance and fell behind on payment of the amounts billed by the Association.

32.     In September 2020, Tressler, on behalf of the Association, caused a Notice and Demand for Possession to be sent to Plaintiff. A copy of this correspondence is attached as ***Exhibit 1***.

33.     Rather than mailing the letter (*Exhibit 1*) itself, Tressler uploaded the letter to a web site portal maintained by ARL (ReadyCOLLECT) and used by clients such as Tressler in connection with the collection of delinquent assessments.

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

34.    On information and belief, details regarding the debt allegedly owed by Plaintiff to the Association was commingled in a database of information that ARL maintains on behalf of hundreds of other clients using its ReadyCOLLECT portal. ARL does not maintain a separate database server for each client.

35.    The letter (*Exhibit 1*) was then uploaded by ARL to a mail vendor, SouthData, located in North Carolina.

36.    These facts are evidenced by the Certificate of Mailing (attached to Tessler's Notice and Demand for Possession) on page 2 of *Exhibit 1*, which is excerpted and reproduced here:

---

### CERTIFICATE OF MAILING

The undersigned states that a copy of this DEMAND FOR POSSESSION was sent for service to be mailed on the date noted above to the above-named parties at the address(es) noted by uploading same to ReadyCollect to be deposited in the U.S. mail by SouthData at Mount Airy, NC for delivery by regular and certified mail with proper postage prepaid under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this proof of service are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.



_____

---

37.    By uploading the the letter (*Exhibit 1*) to the ARL's ReadyCOLLECT portal, Tressler communicated to ARL and its employees Plaintiff's status as a debtor, the fact that Plaintiff allegedly owed and was delinquent in the payment of assessments on her condominium, that she had allegedly incurred late fees and attorneys' fees, and the fact that her Association stated that it may seek to terminate her possession of her home.

38.    Thereafter, ARL transmitted the same information to its mail vendor, SouthData - communicating Plaintiff's status as a debtor, the fact that Plaintiff allegedly owed and was delinquent in the payment of assessments on her condominium, that she had allegedly incurred

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

late fees and attorneys' fees, and the fact that her Association stated that it may seek to terminate her possession of her home.

39.     The information about the debt allegedly owed by Plaintiff that was communicated to others without authorization by Tressler and ARL was non-public, highly personal and sensitive, and otherwise of a nature that Plaintiff or any person would find disclosure to others to be intrusive and highly embarrassing.

40.     Plaintiff did not consent to the disclosure of the information contained in *Exhibit 1* to anyone by anyone.

41.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

42.     When Tressler uploaded *Exhibit 1* to ARL's ReadyCOLLECT portal, Tressler communicated with a third-party regarding the Plaintiff's alleged debt to the Association. To be clear, ARL is not merely a mailing vendor in the employ of Tressler; in fact, SouthData fulfilled the mail role.

43.     ARL is not the Plaintiff, a consumer, or her attorney.  ARL is also not a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

44.     When ARL transmitted *Exhibit 1* to its mail vendor, SouthData, ARL communicated with a third-party regarding the Plaintiff's alleged debt to the Association.

45.     SouthData is not the Plaintiff, a consumer, or her attorney.  SouthData is also not a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

46.     In limiting disclosures to third parties, the FDCPA states:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the

8

express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

15 U.S.C. § 1692c(b).

47.     Section 1692c(b) applies to all communications that, in any way, "concern[]" or are "with reference to" a debt, and prohibits such communications to all third parties, minus only six enumerated exceptions.

48.     Tressler's use of ARL's ReadyCOLLECT portal and ARL's use of an outside, third-party mail vendor, were undertaken in connection with collection of the assessment debt allegedly due to the Association by Plaintiff and that conduct does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b). Indeed, the information which was communicated by Tressler and ARL did not just concern Plaintiff's alleged debt, it disclosed Plaintiff's status as a debtor, the fact that Plaintiff allegedly owed and was delinquent in the payment of assessments on her condominium, that she had allegedly incurred late fees and attorneys fees, and the fact that her Association stated that it may seek to terminate her possession of her home. It is clear that the information was communicated "for the purpose of collecting a debt" and clearly contained a demand for payment. 15 U.S.C. § 1692e.

49.     As a direct result of Tressler's conduct, information regarding a debt allegedly owed by Plaintiff was improperly conveyed to ARL, and its many employees.

50.     As a direct result of ARL's conduct, information regarding a debt allegedly owed by Plaintiff  was improperly conveyed to SouthData, and its many employees.

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

51.     Upon learning of the improper disclosures, Plaintiff was embarrassed, humiliated and suffered great anxiety which manifested in the form of headache, sleeplessness, and stress related physical exhaustion.

52.     Given widely circulated reports of recurrent database hacking, Plaintiff reasonably feared that the information about her alleged debt would be widely disclosed to others, possibly affecting her relationships with family, friends and employers and otherwise portraying her in a false light.

53.     When a debt collector "conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." B*rown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015). "[A] violation of § 1692c(b) gives rise to a concrete injury in fact under Article III [of the U.S. Constitution]." *Hunstein v. Preferred Collection & Management Services*, 994 F.3d 1341 (11th Cir. 2021).

54.     Indeed, Plaintiff was placed at great risk of imminent tangible injury, specifically data exploitation and compromise. Data such as that disclosed by Tressler to ARL and in turn by ARL to its mail vendor resides in computer databases which are now frequently hacked by malicious parties seeking to use such non-public information to their advantage and to the detriment of consumers like Plaintiff. Consumer data obtained from one source can be aggregated with information from other sources to allow nefarious actors to exploit a consumer's information and otherwise intrude upon her right to privacy and seclusion.

55.     Tressler acknowledges on its own web site that it uses ARL's ReadyCOLLECT to "consolidate … assessment collections."

**COUNT I: TRESSLER**

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

**[Fair Debt Collection Practices Act—15 U.S.C. § 1692 *et seq*]**

56.     Plaintiff restates and incorporates by reference paragraphs 1 through 55.

57.     Plaintiff brings this action pursuant to 735 ILCS 5/2-801, individually, and on behalf of all others similarly situated ("Tressler Putative Class").

58.     Tressler violated 15 U.S.C. § 1692c(b) when it disclosed information about alleged debt owed by Plaintiff and the Tressler Putative Class to ARL and its employees.

59.     Tressler's communication to others of the details of the debt allegedly owed by Plaintiff and members of the Tressler Putative Class constitutes an invasion of privacy, a harm which Congress found to be an animating purpose for enactment of the FDCPA.

60.     Tressler violated 15 U.S.C. § 1692f by using unfair means in connection with the collection of a debt, to wit, knowingly disclosing sensitive non-public information about an alleged debt owed Plaintiff and the Tressler Putative Class to third parties when not authorized to disclose that information to any third-party.

61.     Tressler engaged in the conduct described *infra* with purpose, namely, to streamline and automate its collection activities and to gain a competitive advantage over other debt collectors who complied with the FDCPA, and not as a result of bona fide error.

62.     Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Tressler Putative Class are entitled to actual damages, statutory damages, attorneys' fees and costs.

**CLASS ALLEGATIONS**

63.     The Tressler Putative Class is defined as follows:  (a) all individuals (b) who were alleged to be obligated for a consumer debt (c) who had information regarding the debt (either that the debt exists or the details of that debt), conveyed by Tressler to a third party without the consumer's express consent within one year of the filing of this action.

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

64. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Tressler, Tressler's subsidiaries, parents, successors, predecessors, and any entity in which Tressler or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Tressler Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Tressler have been fully and finally adjudicated and/or released.

**Numerosity**

65. Upon information and belief, Tressler conveyed consumer debt information like that contained in the Notice and Demand for Possession to a third party no less than 40 times without the consent of the consumer.

66. The exact number of members of the Tressler Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

67. Members of the Tressler Putative Class can be objectively identified from records of Tressler to be gained in discovery.

**Commonality and Predominance**

68. There are many questions of law and fact common to the claims of Plaintiff and the Tressler Putative Class, and those questions predominate over any questions that may affect individual members of the Tressler Putative Class. Those common questions include: whether the conveying information regarding the alleged consumer debt allegedly owed by Plaintiff and class members violated the FDCPA.

**Typicality**

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

69.     Plaintiff's claims are representative of the claims of other members of the Tressler Putative Class.

70.     Plaintiff's claims are typical of members of the Tressler Putative Class because Plaintiff and members of the Tressler Putative Class are entitled to statutory damages as result of Tressler's conduct.

**Superiority and Manageability**

71.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and  fair adjudication of this controversy.

72.     The actual damages suffered by the individual members of the Tressler Putative Class will likely be relatively small, if any, and would not be worth pursuing on an individual basis especially given the burden and expense required for individual prosecution.

73.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

74.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**Adequate Representation**

75.     Plaintiff will adequately and fairly represent and protect the interests of the Tressler Putative Class.

76.     Plaintiff has no interests antagonistic to those of the Tressler Putative Class, and Tressler has no defenses unique to Plaintiff.

77.     Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

**WHEREFORE**, Plaintiff prays for the entry of judgment in favor of herself and the Tressler Putative Class and against Tressler for:

a.      A finding that the conduct of Tressler as alleged herein is unlawful and violates the FDCPA and certifying a class as describes *infra*;

b.      Awarding Plaintiff and the class statutory damages of $1,000 each pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Awarding Plaintiff and the class actual damages, in an amount to be proven up at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

d.      Awarding Plaintiff and the class costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.      Awarding any other relief as this Court deems just and appropriate.

## COUNT II: ARL

### [Fair Debt Collection Practices Act—15 U.S.C. § 1692 *et seq*]

78.     Plaintiff restates and incorporates by reference paragraphs 1 through 55.

79.     Plaintiff brings this action pursuant to 735 ILCS 5/2-801, individually, and on behalf of all others similarly situated ("ARL Putative Class").

80.     ARL violated 15 U.S.C. § 1692c(b) when it disclosed information about the debt allegedly owed by Plaintiff and the ARL Putative Class.

81.     ARL violated 15 U.S.C. § 1692f by using unfair means in connection with the collection of a debt, to wit, knowingly disclosing sensitive non-public information about an alleged debt owed by Plaintiff and the ARL Putative Class to third parties when not authorized to disclose that information to any third-party.

FILED DATE: 8/4/2021 4:47 PM  2021CH03824

82. ARL's communication to others of the details of the debt allegedly owed by Plaintiff and members of the ARL Putative Class constitutes an invasion of privacy., a harm which Congress found to be an animating purpose for enactment of the FDCPA.

83. ARL engaged in the conduct described *infra* with purpose, namely to streamline and automate its collection activities and to gain a competitive advantage over other debt collectors who complied with the FDCPA, and not as a result of bona fide error.

84. Pursuant to 15 U.S.C. § 1692k, Plaintiff and the ARL Putative Class are entitled to actual damages, statutory damages, attorneys' fees and costs.

## CLASS ALLEGATIONS

85. The ARL Putative Class is defined as follows:  (a) all individuals (b) who were alleged to be obligated for a consumer debt (c) who had information regarding the debt (either that the debt exists or the details of that debt), conveyed by ARL to a third party without the consumer's express consent within one year of the filing of this action.

86. The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) ARL, ARL's subsidiaries, parents, successors, predecessors, and any entity in which ARL or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the ARL Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against ARL have been fully and finally adjudicated and/or release.

**Numerosity**

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

87.     Upon information and belief, ARL conveyed consumer debt information like that contained in the Notice and Demand for Possession to a third party no less than 40 times without the consent of the consumer.

88.     The exact number of members of the ARL Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

89.     Members of the ARL Putative Class can be objectively identified from records of Tressler to be gained in discovery.

**Commonality and Predominance**

90.     There are many questions of law and fact common to the claims of Plaintiff and the ARL Putative Class, and those questions predominate over any questions that may affect individual members of the ARL Putative Class.  Those common questions include: whether the conveying information regarding the alleged consumer debt allegedly owed by Plaintiff and class members violated the FDCPA.

**Typicality**

91.     Plaintiff's claims are representative of the claims of other members of the ARL Putative Class.

92.     Plaintiff's claims are typical of members of the ARL Putative Class because Plaintiff and members of the ARL Putative Class are entitled to statutory damages as result of AR:'s conduct.

**Superiority and Manageability**

93.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and  fair adjudication of this controversy.

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

94.     The actual damages suffered by the individual members of the ARL Putative Class will likely be relatively small, if any, and would not be worth pursuing on an individual basis especially given the burden and expense required for individual prosecution.

95.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

96.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**Adequate Representation**

97.     Plaintiff will adequately and fairly represent and protect the interests of the ARL Putative Class.

98.     Plaintiff has no interests antagonistic to those of the ARL Putative Class, and Tressler has no defenses unique to Plaintiff.

99.     Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

**WHEREFORE**, Plaintiff prays for the entry of judgment in favor of herself and the ARL Putative Class and against ARL for:

a.     A finding that the conduct of ARL as alleged herein is unlawful and violates the FDCPA and certifying a class as describes *infra*;

b.     Awarding Plaintiff and the class statutory damages of $1,000 each pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     Awarding Plaintiff and the class actual damages, in an amount to be proven up at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

d.      Awarding Plaintiff and the class costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.      Awarding any other relief as this Court deems just and appropriate

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that all Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of Plaintiff's claims. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that such Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of any Defendant.

DATED: August 4, 2021                          *Respectfully submitted,*

                                               **MONICA K. SHERESHOVECH**

                                               */s/ Arthur Czaja*
                                               Arthur Czaja
                                               LAW OFFICE OF ARTHUR CZAJA
                                               7521 N. Milwaukee Ave.
                                               Niles, Illinois 60714
                                               (847) 647-2106
                                               arthur@czajalawoffices.com
                                               Attorney No. 47671

                                               Brian Wanca

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
(847) 3688-1500
bwanca@andersonwanca.com
Attorney No. 57010

Rusty A. Payton
PAYTON LEGAL GROUP, LLC
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal
Attorney No. 39459

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
(847) 985-1100
jdavidson@fightbills.com
Attorney No: 65455

*Counsel for Plaintiff and the Putative Class
Members*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

<div style="float:left; font-size:small; writing-mode:vertical-rl">FILED DATE: 8/4/2021 4:47 PM   2021CH03824</div>

| | |
|---|---|
| **MONICA K. SHERESHOVECH**, individually, and on behalf of all persons similarly situated, | |
| Plaintiffs, | Case No. |
| v. | |
| **TRESSLER LLP**, a limited liability partnership, and | |
| **ASSOCIATIONREADY, LLC**, d/b/a "ReadyCOLLECT," | |
| Defendants. | |

## AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222(b)

Pursuant to Illinois Supreme Court Rule 222(b), counsel for the above-named Plaintiff certifies that Plaintiff is seeking money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000.00).

DATED: August 4, 2021                Respectfully submitted,

By: */s/ Arthur C. Czaja*

Arthur Czaja
Law Office of Arthur Czaja
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com
Attorney No. 47671

Brian Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
(847) 3688-1500

1

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

bwanca@andersonwanca.com
Attorney No. 57010

Rusty A. Payton
Payton Legal Group, LLC
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal
Attorney No. 39459

Joseph S. Davidson
Law Offices of Joseph P. Doyle LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
(847) 985-1100
jdavidson@fightbills.com
Attorney No: 65455

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

# EXHIBIT 1

FILED DATE: 8/4/2021 4:47 PM  2021CH03824

---

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY AND ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

### NOTICE AND DEMAND FOR POSSESSION

**DATE:** September 17, 2020

TO:  **Monica K. Shereshovech**
  **668 Weidner Road, Unit 2C**
  **Buffalo Grove, IL 60089**

**SUBJECT: Manor Homes of Chatham Condominium III Association**

THIS IS THE NOTICE pursuant to Sec. 9-102, *et seq.* of the Illinois Code of Civil Procedure that as of September 14, 2020, the records of the Association indicate that the property owner is in default of the ongoing obligation due to Manor Homes of Chatham Condominium III Association in the sum of $1643.12 for the proportionate share of the expenses of administration, maintenance and repair of the common elements/areas and other expenses lawfully agreed upon due and owing at least in part since September 14, 2020, as well as the sum of $285.00 in legal fees and costs in attempting to collect this account, **for a total sum of $1,928.12.**  UPON EXPIRATION OF THIS NOTICE, THE ASSOCIATION HEREBY DEMANDS POSSESSION OF THE FOLLOWING DESCRIBED PREMISES situated in the City of Buffalo Grove, County of Cook, State of Illinois and commonly known as 668 Weidner Road, Unit 2C , Buffalo Grove, IL 60089.

This is the NOTICE that payment in full of the amount stated above is demanded of the Owner and that, unless payment of the **$1,928.12** is made on or before the expiration of thirty (30) days of the date of this Notice, THE ASSOCIATION MAY SEEK TO TERMINATE ANY RIGHT TO POSSESSION OF THE PREMISES.  Payment of the full amount stated must be made payable to "Manor Homes of Chatham Condominium III Association" **in the form of certified funds, cashier's check or money order** and sent to the law firm of Tressler LLP, 550 E. Boughton Road Suite 250, Bolingbrook, IL 60440.  <u>DO NOT SEND PERSONAL CHECKS.</u> Only FULL PAYMENT of all amounts demanded in this Notice will invalidate the demand, unless the person claiming possession, or his or her agent or attorney, agrees in writing to withdraw the demand in exchange for receiving partial payment.  If you dispute the debt as discussed below, this office will suspend its efforts to collect the debt until the information is mailed.

**UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.  IF YOU DISPUTE THE DEBT WITHIN THE 30 DAY PERIOD, THIS OFFICE WILL SUSPEND ITS EFFORTS TO COLLECT THE DEBT UNTIL THE INFORMATION IS MAILED.**

Written requests should be addressed to: <u>collections@tresslerllp.com</u> or Tressler LLP, 550 E. Boughton Road Suite 250, Bolingbrook, IL 60440.

The above-stated amount is as of September 14, 2020. Hence if the amount provided is paid, the payment will constitute payment in full only through September 14, 2020.

The above-stated amount will increase with the levy of future assessments, late fees and other common expenses. Therefore, if the amount claimed is paid, the assessment account with the Association may still reflect assessments and other common expenses that were not assessed as of September 14, 2020.

Board of Directors of
Manor Homes of Chatham Condominium III Association

By: _____
One of Its Attorneys

CERTIFICATE OF MAILING

The undersigned states that a copy of this DEMAND FOR POSSESSION was sent for service to be mailed on the date noted above to the above-named parties at the address(es) noted by uploading same to ReadyCollect to be deposited in the U.S. mail by SouthData at Mount Airy, NC for delivery by regular and certified mail with proper postage prepaid under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this proof of service are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

_____

Subscribed and sworn to before me
this 15 of September, 2020

Notary Public

CERTIFIED MAIL, RETURN RECEIPT REQUESTED
cc:     Regular Mail
        Manor Homes of Chatham Condominium III Association

Tressler LLP
550 E. Boughton Road Suite 250
Bolingbrook, IL 60440
(630) 343-5200
collections@tresslerllp.com

Official Seal
Elizabeth Galeros
Notary Public State of Illinois
My Commission Expires 12/26/2020

FILED DATE: 8/4/2021 4:47 PM   2021CH03824

# EXHIBIT B

21MR00813

IN THE CIRCUIT COURT OF COOK COUNTY
STATE OF ILLINOIS

MONICA K. SHERESHOVECH                          }
                Plaintiff                        }
                                                 }
v.                                               }    Case
                                                 }    Number
TRESSLER LLP and ASSOCIATIONREADY                }    2021CH03824
LLC d/b/a "ReadyCOLLECT"                          }
                Defendants                        }

ACKNOWLEDGMENT OF SERVICE
ON BEHALF OF
ASSOCIATIONREADY LLC

Due and legal service of the SUMMONS, CHANCERY DIVISION CIVIL
COVER SHEET, CLASS ACTION COMPLAINT, AFFIDAVIT PURSUANT TO
ILLINOIS SUPREME COURT RULE 222 (b), and EXHIBIT 1 in the above-stated
case is hereby acknowledged on behalf of ASSOCIATIONREADY LLC. Copy
received and all other and further service and notice is waived.

This __16th__ day of August, 2021

_____
Signature

Jordan B. Forman
Printed Name

(Georgia Bar Number: __269298__ )

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PATRICK KELLER and NITISH LAL,   )
   )
         Plaintiffs,   )     Case No. 21-cv-3389
   )
        v.   )     Judge Sharon Johnson Coleman
   )
NORTHSTAR LOCATION SERVICES,   )
   )
        Defendant.   )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Patrick Keller and Nitish Lal brought this lawsuit under the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c(b), against defendant collection agency Northstar

Location Services ("Northstar") in the Circuit Court of Cook County, Chancery Division, after

which Northstar removed this lawsuit to federal court. Before the Court is plaintiffs' motion to

remand under 28 U.S.C. § 1447(c) based on the Court's lack of subject matter jurisdiction,

specifically Article III standing. For the following reasons, the Court denies plaintiffs' motion.

**Background**

In their complaint, plaintiffs allege that Northstar used a third-party letter vendor to prepare

their collection letters. Plaintiffs assert that to have the letter vendor send letters, Northstar

provided the vendors with their names and addresses, their status as debtors, their alleged debts, and

other personal information. By doing so, plaintiffs maintain that Northstar violated § 1692c(b)

when it disclosed information about their debt to the employees of the unauthorized third-party

vendors. In bringing this claim, plaintiffs seek statutory damages, attorney's fees and costs, and such

other and further relief as the Court deems proper. They do not seek actual damages.

**Discussion**

In their motion to remand, plaintiffs argue that the Court does not have subject matter

jurisdiction over his lawsuit based on the lack of Article III standing. As the proponent of subject matter jurisdiction, to establish Article III standing Northstar must show: (1) plaintiffs suffered an actual or imminent, concrete and particularized injury-in-fact; (2) a causal connection between the injury and the challenged conduct; and (3) the likelihood the injury will be redressed by a favorable decision. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC,* 2 F.4th 1002, 1007 (7th Cir. 2021). The parties focus on the injury-in-fact component, which requires that the harm be "concrete and particularized" and "actual or imminent." *Prosser v. Becerra*, 2 F.4th 708, 713 (7th Cir. 2021). As for the consumer protection statutes, "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2205 (2021).

Here, plaintiffs argue that based on a series of recent Seventh Circuit cases regarding Article III standing in the context of FDCPA claims, Northstar cannot establish that they suffered a concrete harm, therefore, this lawsuit belongs in state court. *See Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 731 (7th Cir. 2020) ("Article III does not apply to the states, so 'state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability.'") (citation omitted). The precise question at issue is whether plaintiffs have alleged an intangible injury that is concrete under their mailing vendor theory of liability. *Smith v. GC Services Limited P'ship*, 986 F.3d 708, 711 (7th Cir. 2021) ("Standing often depends on what theory a plaintiff advances and how injury would be proved."). The Seventh Circuit cases plaintiffs cite do not discuss the relevant statute § 1692c(b) nor has the Seventh Circuit addressed their mailing vendor theory. Nevertheless, the Seventh Circuit recently stated that "an FDCPA violation might cause harm if it leads a plaintiff to pay extra money, affects a plaintiff's credit, or otherwise alters a

plaintiff's response to a debt." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021). There are no such allegations in plaintiffs' complaint.

The Court thus turns to Northstar's argument that plaintiffs have alleged an intangible, yet concrete harm because their allegations reflect that they suffered an invasion of their privacy. To address this argument, the Court looks to both history and the judgment of Congress. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)). The historical inquiry asks, "whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion*, 141 S.Ct. at 2200. As the *TransUnion* Court clarified, "[v]arious intangible harms can also be concrete" including "reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.* at 2204. Under Congress's judgment, "[c]ourts must afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or obligation." *Id.*

With this standard in mind, the Court turns to an Eleventh Circuit opinion where that court concluded violations of § 1692c(b) have a close relationship to the harm resulting from the common law tort of invasion of privacy, specifically the public disclosure of private facts. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341, 1347 (11th Cir. 2021); *see also United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) ("[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person."). The *Hunstein* decision also concluded that invasion of privacy is one of the harms against which the FDCPA is directed. *Id.*; *see also* 15 U.S.C. § 1692(a) ("There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of

3

personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."); S.REP. 95-382, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1699 ("Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs."). The *Hunstein* decision thus held that a violation of § 1692c(b) gives rise to a concrete injury-in-fact for Article III standing and that a debt collector's transmittal of a consumer's personal information to a third-party vendor constitutes a communication "in connection with the collection of any debt" under § 1692c(b). *Id.* at 1348-49.

The Eleventh Circuit's reasoning finds support in the Supreme Court's recent *TransUnion* decision where the Court recognized that various intangible harms can be concrete for purposes of Article III standing, such as reputational harms, disclosure of private information, and intrusion upon seclusion. *Id.* at 2204. *Hunstein* is also supported by the Seventh Circuit's decision in *Gadelhak*, in which the court concluded that that common law has long recognized actions against defendants who invade privacy rights, in that case, intrusion upon seclusion. *Id.* at 462. Other Seventh Circuit precedent confirms that plaintiffs have asserted a concrete harm in the context of the invasion of privacy rights. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1149 (7th Cir. 2020) ("The invasion of a legally protected privacy right, though intangible, is personal and real, not general and abstract.").

Accordingly, the Court concludes that because plaintiffs have alleged concrete, albeit intangible harms resulting from Northstar's actions, there is Article III standing for this case to remain in federal court.[1] The Court therefore denies plaintiffs' motion.

---

[1] Plaintiffs did not address Northstar's arguments that they had Article III standing based on an intangible, yet concrete harm in relation to the invasion of their privacy.

**Conclusion**

Based on the foregoing, the Court denies plaintiffs' motion to remand [11].

**IT IS SO ORDERED.**

Date: 8/20/2021

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

# EXHIBIT D

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **MONICA K. SHERESHOVECH,** individually, and on behalf of all persons similarly situated, | |
| Plaintiffs, | Case No. 2021CH03824 |
| v. | |
| **TRESSLER LLP**, a limited liability partnership, and | |
| **ASSOCIATIONREADY, LLC** d/b/a "ReadyCOLLECT," | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT today, September 10, 2021, Defendant AssociationReady, LLC ("ARL") filed in the United States District Court for the Northern District of Illinois a Notice of Removal of this action to said United States District Court, and that a copy of the Notice of Removal is attached hereto and hereby filed in this Court.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to 28 U.S.C. 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action and suspends the jurisdiction of this Court.

Dated: September 10, 2021

AssociationReady, LLC

By: _____

Attorneys for
AssociationReady, LLC

1

Martin R. Martos II
321 N. Clark St. | Suite 1600
Chicago, IL 60654
Tel:  312.517.9200
Fax: 312.517.9201
MMartos@FoxRothschild.com


John C. Hawk (*pro hac vice application forthcoming*)
1225 17th St.
Suite 2200
Denver, CO 80202
Tel: 303.383.7691
Fax: 303.292.1300.
JHawk@foxrothschild.com

## CERTIFICATE OF SERVICE

Martin Martos, an attorney, hereby certifies on September 10, 2021, he caused a copy of

the foregoing **Notice of Removal** to be served via email and U.S. mail on the following:

Arthur Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com
Attorney No. 47671

Brian Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
(847) 3688-1500
bwanca@andersonwanca.com
Attorney No. 57010

Rusty A. Payton
PAYTON LEGAL GROUP, LLC
20 North Clark Street Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal
Attorney No. 39459

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
(847) 985-1100
jdavidson@fightbills.com
Attorney No. 65455

*Counsel for Plaintiff and the Putative Class
Members*